UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joseph C. Sun, | ) | Civil Action No.: 1:04-0684-27 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Town of Jackson, J.M. Hess, and | ) | |
| Dennis Rushton, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Procedural History**

In this matter, the plaintiff, proceeding *pro se*, filed an action in this court, pursuant to 42 U.S.C. § 1983, contending that the Town of Jackson ("Town"), J.M. Hess, and Dennis Rushton violated his constitutional rights.

Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 along with supporting memorandum on September 29, 2004. Because the plaintiff is proceeding *pro se*, he was advised by order dated October 4, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in dismissal of his complaint. The plaintiff filed a response to the motion for summary judgment on November 8, 2004.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed January 27, 2005 by United States Magistrate Judge Bristow Marchant to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Marchant carefully considers these issues and recommends that the defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report on

1

February 11, 2005. Defendants filed a response to plaintiff's objections on February 16, 2005. Plaintiff filed a reply to defendants' response on February 24, 2005.

In his objections the plaintiff objects to reliance on a deposition of the plaintiff because he was not sent a copy to be signed before it was filed. Additionally, plaintiff alleges that there are genuine issues of material fact.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Facts

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

Plaintiff is a "Chinese American." He alleges that in June of 1998 he received a speeding ticket while passing through the Town of Jackson, written by Police Officer Hess. Plaintiff alleges that, on or about June 30, 1998, he called the Jackson Police Department and spoke with a Lieutenant Keller about having his trial rescheduled. Plaintiff alleges that Keller told him his trial would be rescheduled, but that he never received a notice of a new trial date. In October of 1998, plaintiff

2

alleges he received a notice from the South Carolina Department of Motor Vehicles that his driver's license had been suspended on September 22, 1998, for failure to pay a $400.00 fine imposed by the Jackson Police Department. Plaintiff alleges that he called Chief of Police Rushton to complain and was informed that the plaintiff was fined because he did not appear in court. Plaintiff alleges that "Chief Rushton said he never mailed any notice [about plaintiff's new trial date] because his rule was: the new trial date was always the second Tuesday of the following month." Plaintiff alleges that he "immediately mailed a notice of appeal of the speeding fine to the Jackson Municipal Court, but . . . never heard from the court." Plaintiff also alleges that he sent a $40.00 U.S. Postal money order to the Town of Jackson and asked if he could be allowed to pay his fine installments, but that he never heard back and his $40.00 was never returned.

Plaintiff alleges that in 2000 he moved to Savannah, Georgia, and obtained a Georgia driver's license. He moved back to South Carolina the following year. Plaintiff alleges that, knowing he still had an unpaid speeding fine, he wrote to Magistrate Morris Rudnick asking for a hearing. Plaintiff was given a hearing in the Jackson Municipal Court on March 13, 2002. Plaintiff alleges that, at that time, he was advised by Judge Rudnick that the case was too old and it would not be heard. Plaintiff alleges that when he left his March 2002 hearing, he was pulled over on Highway 25 by Chief Rushton and Officer Hess for driving without a valid driver's license. Plaintiff alleges that he told Rushton he had a Georgia driver's license, at which time Chief Rushton seized that license.

Plaintiff alleges that, the following month, he finally paid a total of $500.00 to the Town of Jackson and the South Carolina DMV to have his driving privileges reinstated.

Plaintiff asserts that the Town is engaging in a pattern of illegal and excessive fines using fabricated speeding charges by targeting out of town or out of state drivers. Plaintiff further alleges that the SC DMV aids and abets the Town in this scheme by revoking the driver's licenses of drivers

3

until the fines are paid. In this action plaintiff seeks a declaratory judgment holding that his civil rights were violated in March 2002 when the Jackson Municipal Court refused to hear his case and that he be awarded monetary damages. Plaintiff asks for compensatory and punitive damages from the Town "arresting [him] on March 13, 2002 without any probable cause and taking my Georgia Drivers License without any authority." Plaintiff also asks that he be awarded damages for an alleged RICO violation.

## **Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material facts." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come

4

forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

## Discussion

**Plaintiff's Deposition**

Plaintiff objects to the defendant's reliance on the plaintiff's deposition. This objection is based on his allegation that he was not sent a copy of the transcript to be signed before it was filed. He alleges that he specifically asked to read the transcript and sign it at his deposition. The plaintiff also filed an objection to the defendant's reliance on the plaintiff's deposition on January 10, 2005.

The Court initially notes that Magistrate Judge Marchant does not refer to or rely on the plaintiff's deposition in his Report. With regard to Sun's deposition the defendants state the following in their memorandum in support of their motion for summary judgment: "The plaintiff's deposition was taken on September 13, 2004. The plaintiff reserved the right to read and sign his deposition. The transcript was not available by September 29, 2004, which was the deadline in the scheduling order for filing motions." The Court notes only two places in defendants' memorandum which reference to the plaintiff's deposition is made:

- "By [Mr. Sun's] own admission, he had received notice from the State of South Carolina that his driver's license was suspended ."

- "It is not disputed by the plaintiff that he obtained the Georgia driver's license after his South Carolina driver's license was suspended and was obtained while the suspension was still pending."

Both of these statements are confirmed by plaintiff's verified Complaint. Since the defendants did not need the deposition to establish their factual allegations, this Court finds that there was no reliance on the plaintiff's deposition.

**Alleged Issues of Material Fact**

Plaintiff alleges several "genuine issues of material facts." The first is that the Magistrate Judge improperly relied on *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff argues that since "he was not allowed to appeal," because his notice of appeal was ignored by the Jackson Court, his claims should not be barred.

As a matter of law, an individual cannot bring an action under 42 U.S.C. § 1983 unless he has been found not guilty of a charge or his conviction has been expunged. *Heck* states:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized too make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-487. Since a decision in plaintiff's favor on any claim based on his original 1998 speeding ticket and conviction, would call into question this earlier conviction, this claim fails to state a cognizable cause of action under § 1983 and is subject to dismissal.

Second, plaintiff alleges that the Town scheduled a hearing in March 2002 only for the

purposes of getting him to come to Jackson, to have him arrested, and intimidate him into paying the fine from the 1998 speeding ticket conviction. Plaintiff alleges in his response to defendants' motion for summary judgment that "Defendant [Town of] Jackson scheduled a hearing in March 2002 with no intention to reopen Plaintiff's traffic case." Plaintiff also states in his complaint that the hearing was scheduled only after writing Magistrate Morris Rudnick. Plaintiff acknowledges in his objections that he is not suing Judge Rudnick "because he enjoys absolute judicial immunity."

To establish municipal liability under 42 U.S.C. § 1983, plaintiff must show that the city's policies caused the constitutional violation alleged. *McMillian v. Monroe County*, 520 U.S. 781, 784 (1997). A municipality is responsible only when execution of the government's policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts injury. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1987); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). When a constitutional deprivation is not an official act of a municipality, only recovery lies against an official in his individual capacity. *Hughes v. Blakenship*, 672 F.2d 403, 405-406 (4th Cir. 1982). For a municipality to be held liable under § 1983, the "policy" must be made by an official having final policymaking authority on the particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 783-85. Plaintiff's allegations are that the "Town" scheduled the hearing in March of 2002. However, plaintiff admits that the hearing was scheduled only after he wrote to Judge Rudnick. It appears to this Court that Rudnick, not the Town, scheduled the hearing at issue. In his Complaint plaintiff states: "After I wrote the Magistrate, I was given a hearing for March 13, 2002, at the Jackson Municipal Court." Consequently, since Rudnick enjoys absolute judicial immunity, plaintiff's objection is without merit.

Third, plaintiff alleges that whether his driving privilege was still suspended in South Carolina

7

when he was arrested by Officer Hess and Chief Rushton is disputed and unclear. As pointed out by the plaintiff, the defendants have provided no evidence, other than mere allegations, that the plaintiff's driver's license was suspended in March of 2002. The Court notes that plaintiff admits in his complaint that he received notice from the South Carolina DMV in October 1998 that his driver's license had been suspended. A month later, plaintiff admits that he sent his driver's license to the South Carolina DMV. The only allegation presented by plaintiff in his objections that his driver's license might not still be suspended is that he says he "paid the Jackson Court $40.00 and asked to [be] allowed installment payment or reduction of fine. If processed through the South Carolina Department of Motor Vehicles, Plaintiff's driving privilege would have been reinstated." Plaintiff has presented no affidavit in opposition to the defendant's motion; however, in this Circuit, verified complaints by *pro se* litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified complaint. Therefore, only the allegations in the complaint can be used by plaintiff in an attempt to defeat the summary judgment motion. There is no allegation in plaintiff's complaint that his payment of $40.00 to the Town of Jackson was enough to have his license reinstated. Consequently, this Court finds that there is no question of material fact as to whether plaintiff's license was suspended in March of 2002.

Fourth, plaintiff alleges that there was no evidence to show that he was driving without a license and, consequently, he was arrested without probable cause in March of 2002. Plaintiff concedes in his filings that he had not paid his previous fine at that time, that he had just finished having his request to have his previous conviction reopened by the Court denied, and that defendants Hess and Rushton had every reason to believe his South Carolina driver's license was still suspended.

Driving without a license or with a suspended license is a crime.  *See* S.C. Code Ann. § 56-1-460. Therefore, this Court finds that plaintiff's general claim that he was pulled over without probable cause is without merit.  *See Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (in assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer or officers at the time of the arrest); *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002) (to prove an absence of probable cause, plaintiff must set forth sufficient facts to show that a reasonable officer would not have been justified in concluding that he committed the criminal act at issue).

Fifth, plaintiff alleges that the alleged RICO violation occurred in 2002, not in 1998 as the Magistrate Judge concluded in his Report.  Regardless of when the limitations period began to run, the conspiracy defendants are alleged to have perpetrated is a conspiracy to the plaintiff's civil rights. To the extent this is a claim pursuable under RICO, it is barred from consideration under *Heck v. Humphrey*.  *See Palmer v. Kilpatrick*, 2003 WL 21377028 at \*\*1 (6th Cir. 2003) (applying *Heck* to civil rights claims brought under RICO); *Akers v. Bishop*, 2003 WL 21019171 at\*\*2 (6th Cir. 2003) (holding that plaintiff could not seek damages through a civil rights or RICO action citing *Heck*). Additionally, plaintiff's allegations of a conspiracy are general, conclusory, and unsubstantiated and are insufficient to maintain a RICO claim.  *See Johnson v. Voinovich*, 2002 WL 31085152 at \*\*2 (6th Cir. 2002) (conclusory arguments are insufficient to demonstrate a pattern of racketeering activity under RICO); *Palmer v. Ohio State University*, 2002 WL 31095680 (6th Cir. 2002) (mere conclusory allegations are not sufficient to satisfy the basic requirements of RICO).

## Conclusion

After a review of the case law and record before it, the court adopts the Report and Recommendation of the Magistrate Judge as modified by this order, incorporates it herein by reference, and overrules plaintiff's objections.  For the reasons stated therein and in this order,

defendants' motion for summary judgment is **GRANTED**.

       **AND IT IS SO ORDERED.**


                                                    s/ R. Bryan Harwell  
                                                    R. Bryan Harwell  
                                                    United States District Court Judge

April 26, 2005  
Florence, South Carolina